# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| SALIH WASIM LUTFI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:15-02063 |
| ) | |
| R. DEVEREAUX, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.), filed on February 23, 2015. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2015, Plaintiff, an inmate incarcerated at FCI Beckley, and acting *pro se*, filed his Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 3.) Plaintiff names the following as Defendants: (1) R. Devereauz, Disciplinary Hearing Officer ["DHO"]; (2) K. Wimbush, SIS Investigator; and (3) T. Painter, Counselor. (Id.) Plaintiff complains that Defendants violated his due process rights during the disciplinary

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

proceedings. (Id., pp. 4 - 10.) First, Plaintiff alleges that Defendant Devereaux did not act "as an independent, impartial decision maker." (Id., p. 4.) Plaintiff complains that after Defendant Wimbush "ended the excessive 30 day investigation," Defendant Devereaux changed "the incident date from 7-17-2014, 7:45 p.m., to 7-16-2014" and "the date staff became aware of [Inmate] Harrod's injuries from 7-18-2014 to 7-17-2014." (Id.) Plaintiff claims he was in the Special Housing Unit on the morning of July 17, 2014. (Id., p. 5.) Thus, Plaintiff contends that Defendant Devereaux "is falsifying legal documents in order to maliciously convict me." (Id.) Plaintiff next complains that even though Defendants were aware of two incidents between Plaintiff and Inmate Harrod, Inmate Harrod did not receive an incident report. (Id.) Plaintiff further asserts that Defendant Devereaux "willfully ignored the truth that Harrod and I were fighting and Harrod confronted [Plaintiff] and attacked."[2] (Id., p. 8.)

Next, Plaintiff alleges that Defendant Wimbush "falsified the second incident report." (Id., p. 9.) Plaintiff contends that Defendant Wimbush "did not sign both of these incident reports on the same day" because the "incident reports clearly show two distinct signatures." (Id.) Plaintiff also complains that Defendant Wimbush's "investigation lasted an excessive 30 days." (Id.)

Finally, Plaintiff claims that Defendant Painter acted as an ineffective staff representative. (Id., p. 10.) Plaintiff explains that Defendant Painter "chose to not even speak to me at all." (Id.) Plaintiff states that Defendant Painter "did not know, and could not have known, what I needed him to do as for as gathering evidence for my defense." (Id.) Plaintiff alleges that "[i]nstead of acting as

---

[2] The DHO Report reveals that there were two incidents involving Plaintiff and Inmate Harrod: (1) the incident in the kitchen area of the prison where Plaintiff on two occasions threw hot cooking oil on Inmate Harrod; and (2) the fighting incident that occurred on the sidewalk later that evening after Plaintiff left the kitchen. (Document No. 3, pp. 22 - 26.)

my staff representative, he was in fact trying to help me and work with staff to try and convict me." (Id.) As relief, Plaintiff requests as follows: (1) "The (DHO) R. Devereaux needs to be fired;" (2) "K. Wimbush is an incompetent (SIS) investigator, who doesn't need to work for SIS anymore;" and (3) "T. Painter needs this incident logged into his personal employee file permanently." (Id., p. 5.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a letter written to the DHO from Plaintiff dated November 25, 2014 (Id., pp. 11 - 14.); (2) A copy of the "Administrative Detention Order" dated July 17, 2014 (Id., p. 15.); (3) A copy of Plaintiff's first "Incident Report" dated August 15, 2014 (Id., p. 16.); (4) A copy of Plaintiff's second "Incident Report" dated August 15, 2014 (Id., p. 17.); (5) A copy of Plaintiff's "Request for Administrative Remedy" dated January 9, 2015 (Id., pp. 18 - 19.); (6) A copy of the "Rejection Notice" from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office dated January 22, 2015, concerning Remedy Id. 808052-R1 (Id., p. 20.); (7) A copy of the "Rejection Notice" from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office dated October 9, 2014, concerning Remedy Id. 797433-R1 (Id., p. 21.); and (8) A copy of the "Discipline Hearing Officer Report" dated December 16, 2014 (Id., pp. 22 - 26.).[3]

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner

---

[3] The DHO determined that Plaintiff violated Offense Code 101 by assaulting another inmate resulting in serous injuries. The DHO found that Plaintiff threw hot cooking oil on Inmate Harrod's arms as he was removing a pan of food from the oven. Inmate Harrod went to the restroom to wash his arms, when Plaintiff again approached him and threw hot cooking oil on Inmate Harrod's back. Inmate Harrod suffered third degree burns on 30% of his body and had to be transported to the burn unit at Cabell Huntington Hospital. Inmate Harrod underwent surgery due to the severity of the burns on his back and was hospitalized for 18 days. (Document No. 3, p. 24.)

seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C.

§ 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[4] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Plaintiff appears to allege that his due process rights were violated because he was improperly convicted during prison disciplinary proceedings of violating Offense Code 101. In <u>Heck</u>

---

[4] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.


v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was denied due

6

process in connection with his prison disciplinary hearing, (2) that his contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.[5]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 3.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

---

[5] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes he was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 27, 2015.

R. Clarke VanDervort
United States Magistrate Judge